IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 23 CR 345 |
| | ) | |
| MICHAEL JAMES, | ) | Judge Joan H. Lefkow |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Michael James was indicted in October 2022 on one count of possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1). (Dkt. 1.) He now moves to dismiss the indictment as unconstitutional under the Second Amendment. (Dkt. 21.) For the following reasons, James's motion is denied without prejudice.

**BACKGROUND**

The indictment against James charges him with knowingly possessing a Glock, Model 23, .40 caliber semi-automatic pistol despite "knowing that he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year" in violation of 18 U.S.C. § 922(g)(1). (Dkt. 1 at 1.) Section 922(g)(1) provides that "It shall be unlawful for any person … who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year … to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(g)(1). The government initiated this prosecution against James in June 2023, and James is currently detained while he awaits trial. (Dkts. 1, 7, 10.) After James filed his motion to dismiss the

indictment against him, the court ordered additional briefing as to the nature of the burden in this case. (Dkts. 29, 33, 34.)

## LEGAL STANDARD

Federal Rule of Criminal Procedure 12(b)(1) allows a defendant to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." An indictment is constitutionally sufficient if it "(1) states the elements of the offense charged; (2) fairly informs the defendant of the nature of the charge so that he may prepare a defense; and (3) enables him to plead an acquittal or conviction as a bar against future prosecutions for the same offense." *United States* v. *Chanu*, 40 F.4th 528, 539 (7th Cir. 2022) (quoting *United States* v. *Miller*, 883 F.3d 998, 1002 (7th Cir. 2018)) (cleaned up). Additionally, "[w]hen considering a motion to dismiss a criminal indictment, the Court assumes that the indictment's factual allegations are true and must 'view all facts in the light most favorable to the government.'" *United States v. Agee*, No. 21 CR 350-1, 2023 WL 6443924, at *1 (N.D. Ill. Oct. 3, 2023) (quoting *United States* v. *Yashar*, 166 F.3d 873, 880 (7th Cir. 1999)).

## ANALYSIS

James seeks to dismiss the indictment against him on the basis of an as-applied constitutional challenge. He begins by making the cursory assertion that he is a "non-violent offender[ ]" without pointing to any factual allegations to substantiate this conclusional assertion. (*Id.* at 4.) Based upon this assumed and unsupported factual background James contends that under the "text and history" test expounded by the Supreme Court in *New York State Rifle & Pistol Ass'n, Inc.* v. *Bruen*, 142 S. Ct. 2111 (2022), "the government cannot carry its burden to establish the constitutionality of Section 922(g)(1) as applied to non-violent offenders like … James." (Dkt. 21 at 45.) He does not raise a facial challenge to Section 922(g)(1). The motion is

denied without prejudice because the court concludes it is substantively and procedurally improper.

### I. Individualized Assessment

First, James has not explained the legal basis for the individualized assessment he seeks. "[A]n as-applied challenge targets a law 'in operation,' as it was applied to an individual, and limited to the specific facts of that case." *Solomon* v. *Cook Cnty. Bd. of Comm'rs*, 559 F. Supp. 3d 675, 686 (N.D. Ill. 2021) (quoting *Berron* v. *Ill. Concealed Carry Licensing Rev. Bd.*, 825 F.3d 843, 846 (7th Cir. 2016)). In *Atkinson* v. *Garland*, 70 F.4th 1018 (7th Cir. 2023), the Seventh Circuit declined to take sides in a circuit split as to whether the law permits an as-applied challenge akin to James's that would create a carve-out from Section 922(g)(1) for "non-violent" offenders. *Id.* at 1023–24; *see also Range* v. *Att'y Gen. United States of Am.*, 69 F.4th 96, 106 (3d Cir. 2023) (granting as-applied challenge brought by plaintiff previously convicted of misdemeanor welfare fraud); *United States* v. *Jackson*, 69 F.4th 495, 504–06 (8th Cir. 2023) (concluding that "history demonstrates that there is no requirement for an individualized determination of dangerousness as to each person in a class of prohibited persons" and rejecting as-applied challenge). Instead, *Atkinson* requires a party making such an as-applied challenge to explain (1) the "historical basis for individualized assessments or for delineating between individuals who committed violent versus non-violent crimes"; (2) how to "define a non-violent or a non-dangerous felony"; and (3) "what evidence … a court [can] consider in assessing whether a particular felony conviction was violent[.]" *Atkinson*, 70 F.4th at 1023–24.

James addresses none of these questions and makes no effort to explain why he is a "non-violent offender[ ]." (Dkt. 21 at 4.) Formally, James's failure to develop any argument as to the prerequisites identified by the Seventh Circuit for the as-applied constitutional review he seeks

3

results in waiver of the issue. *See Williams* v. *Bd. of Educ. of City of Chi.*, 982 F.3d 495, 511 (7th Cir. 2020) ("perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived") (quoting *United States* v. *Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991)). Functionally, this failure—combined with the unsettled nature of the law overall—means that the court has no sense of the appropriate legal standards governing James's motion or the kinds of evidence it must consider when determining how to resolve the motion. As a result, James fails to demonstrate that Section 922(g)(1) is unconstitutional as applied to him, and the court must deny the motion.[1]

## II.   Second Amendment Threshold

Furthermore, even if the court could reach the merits of James's as-applied challenge, he has not made the necessary threshold showing that the Second Amendment applies to his conduct. The Second Amendment provides, "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. In *New York State Rifle & Pistol Ass'n, Inc.* v. *Bruen*, 597 U.S. 1 (2022), the Supreme Court adopted a "text and history" test to determine the constitutionality of firearm regulations under the Second Amendment:

> [W]hen the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. To justify its regulation, the government may not simply posit that the regulation promotes an important interest. Rather, the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation. Only if a firearm

---

[1] Many courts in this district have similarly faulted a party bringing an as-applied challenge for failing to address the prerequisite questions laid out in *Atkinson*. *See United States* v. *Ball*, No. 22 CR 449, 2023 WL 8433981 (N.D. Ill. Dec. 5, 2023); *United States* v. *Brown*, No. 22 CR 326-1, 2023 WL 8236918 (N.D. Ill. Nov. 28, 2023); *United States* v. *Hall*, No. 22 CR 665, 2023 WL 8004291 (N.D. Ill. Nov. 17, 2023); *United States* v. *Brown*, No. 22 CR 297, 2023 WL 8004290 (N.D. Ill. Nov. 17, 2023); *United States* v. *Hardy*, No. 23 CR 129, 2023 WL 6795591 (N.D. Ill. Oct. 13, 2023); *United States* v. *Agee*, No. 21 CR 350-1, 2023 WL 6443924 (N.D. Ill. Oct. 3, 2023); *United States* v. *Gates*, No. 22 CR 397-1, 2023 WL 5748362 (N.D. Ill. Sept. 6, 2023).

>regulation is consistent with this Nation's historical tradition may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command."

*Id.* at 17. This test creates a clear threshold question that must be answered in the affirmative before the analysis can proceed to the historical inquiry: does the Second Amendment's plain text cover an individual's conduct?

Additionally, although *Bruen* puts the burden on the government to demonstrate a firearm regulation's consistency with historical tradition, the presumption that creates this burden-shifting is only triggered by clearing the threshold textual inquiry. Thus, consistent with the general rule that the moving party bears the burden of demonstrating entitlement to relief, the party challenging a firearm regulation must demonstrate in the first instance that the Second Amendment's plain text covers their conduct before the constitutional analysis can go any further. *See, e.g., United States* v. *Faulkner*, 793 F.3d 752, 757–58 (7th Cir. 2015) (initial burden on defendant in double jeopardy challenge to make *prima facie* showing of prosecution for identical crimes before burden shifts to government to show, by preponderance of the evidence, that indictments charge different crimes); *United States* v. *Vincent*, 416 F.3d 593, 600 (7th Cir. 2005) (same in challenge to grand jury proceedings); *United States* v. *Hunter*, 197 F.3d 862, 865 (7th Cir. 1999) (same in unfair delay challenge).

Here, to satisfy this burden, James briefly asserts that his "conduct—the possession of a firearm—is covered by the plain text of the Second Amendment and is presumptively protected by the Constitution." (Dkt. 21 at 3; *see also id.* at 4 ("As the Supreme Court has explained, [the plain language of the Second Amendment] 'guarantees the individual right to possess and carry weapons.'") (quoting *District of Columbia* v. *Heller*, 554 U.S. 570, 592 (2008)).) He then focuses the bulk of his textual analysis on arguing that he is a part of "the people" as used in the Second Amendment. (*Id.* at 4–8.) To be sure, analyzing who is included in "the people" for

Second Amendment purposes is an important and contested issue. *See Atkinson*, 70 F.4th at 1022–23. But it is not the *only* textual issue, and the brevity with which James brushes aside the issue of his conduct ultimately prevents his entire argument from moving forward.

The Supreme Court has repeatedly made clear that mere possession of a firearm is insufficient to bring an individual's conduct within the gambit of the Second Amendment. In *District of Columbia* v. *Heller*, the Supreme Court engaged in a lengthy textual analysis to conclude that the Second Amendment "guarantee[s] the individual right to possess and carry weapons in case of confrontation." 554 U.S. at 592. But the *Heller* Court then took pains to emphasize that this right "is not unlimited," does not "protect the right of citizens to carry arms for *any sort* of confrontation," and that "[f]rom Blackstone through the 19th-century cases, commentators and courts routinely explained that the right was not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose." *Id.* at 595, 626 (emphasis in original). The Supreme Court has refined this holding in its subsequent cases. *McDonald* v. *City of Chicago* described the Second Amendment as protecting "a personal right to keep and bear arms for lawful purposes, most notably for self-defense within the home[,]" 561 U.S. 742, 780 (2010), and *Bruen* offered the even more succinct description that "the Second and Fourteenth Amendments protect an individual right to keep and bear arms for self-defense[,]" 597 U.S. at 17. As these cases make clear, proper analysis of whether conduct is covered by the Second Amendment's plain text involves inquiring not only into firearm possession, but also *the purpose* of that possession. Put differently, an individual suffers no constitutional injury if the government dispossesses them of weapons they had no lawful purpose for owning. *Cf. Bevis* v. *City of Naperville*, 85 F.4th 1175, 1194 (7th Cir. 2023) (plaintiffs bringing Second Amendment challenge to Illinois's assault weapons ban "have the burden of showing that the weapons

addressed in the pertinent legislation are Arms that ordinary people would keep at home for purposes of self-defense, not weapons that are exclusively or predominantly useful in military service, or weapons that are not possessed for lawful purposes.")

Determining the purpose for which someone possesses firearms is a question of fact. There are many lawful reasons a person may own a gun. *Heller*, *McDonald*, and *Bruen* emphasize self-defense as "central to the Second Amendment right[,]" *Heller*, 554 U.S. at 628, but of course, not everyone who owns firearms does so for protection. Other lawful purposes could include hunting, sport, and service in law enforcement, for example. At the same time, there are many unlawful reasons for gun ownership—such as intimidation of others, offensive violence, facilitation of other crimes, and armed insurrection. As a result, the court cannot simply infer lawful purpose from the fact of firearm possession. Instead, satisfaction of the threshold textual question requires some showing of lawful purpose by the movant.

The leading Second Amendment cases have not had much opportunity to discuss this requirement, as lawful purpose was established and not disputed in *Heller*, *McDonald*, *Bruen*, and *Atkinson*. *See Heller*, 554 U.S. at 576 (plaintiff's complaint construed as "seeking the right to render a firearm operable and carry it about his home in that condition only when necessary for self-defense"); *McDonald*, 561 U.S. at 750 (petitioners "are Chicago residents who would like to keep handguns in their homes for self-defense but are prohibited from doing so by Chicago's firearms laws"); *Bruen*, 597 U.S. at 15–16 (individual plaintiffs wanted to publicly carry a handgun for self-defense); *Atkinson* v. *Garland*, No. 21 C 291, 2022 WL 787934, at *1 (N.D. Ill. March 15, 2022) (plaintiff sought declaratory judgment that Section 922(g)(1) "unconstitutionally infringes his Second Amendment right to 'keep and bear arms' for self-defense at home."), *vacated and remanded*, 70 F.4th 1018 (2023). But the lack of discussion

7

does not make a showing of lawful purpose any less required by the Second Amendment analysis. Indeed, such requirement may particularly come into play where a movant seeks to justify the past possession of one or more firearms rather than prospectively affirm the legality of a proposed course of firearms possession or use.[2] In such circumstances the movant does not assert a generalized intention for the future but rather explains past conduct. The veracity and credibility of such explanations is much more easily tested with evidence than assertions of future intent, making disputes regarding purpose more likely.

Here, James merely asserts that his conduct at issue is "the possession of a firearm." (Dkt. 21 at 3.) This is not enough to implicate the Second Amendment, as James never identifies the lawful purpose or purposes for his firearm ownership. Moreover, James's description of his conduct is far too general. The conduct at issue here is not simply an abstract desire to possess a firearm, but rather the alleged *actual possession* of the Glock semi-automatic pistol identified in the indictment. *See Solomon*, 559 F. Supp. 3d at 686 (as-applied challenge considers "the specific facts of [the] case."). James must therefore make a threshold showing that he had a lawful purpose for possessing that firearm. The Constitution only presumptively protects James's possession of the Glock if he can make such a showing. *See Bruen*, 597 U.S. at 17. Lacking any such showing, the motion can go no further.

**III.    Rule 12(b)**

Finally, in light of the above, James's motion is improper under Rule 12(b). Although James styles his request as a "motion to dismiss the indictment," the motion is not really a challenge to the sufficiency of the indictment but rather an attack on the substantive validity of a potential conviction. *See United States* v. *White*, 610 F.3d 956, 958–59 (7th Cir. 2010) (An

---

[2] The plaintiffs in *Heller*, *McDonald*, *Bruen*, and *Atkinson* all sought prospective relief.

indictment "that 'tracks' the words of a statute to state the elements of the crime is generally acceptable, and while there must be enough factual particulars so the defendant is aware of the specific conduct at issue, the presence or absence of any particular fact is not dispositive.") (citing *United States* v. *Smith*, 230 F.3d 300, 305 (7th Cir. 2000)); *United States* v. *Phillips*, 645 F.3d 859, 863 (7th Cir. 2011) ("Unlike a facial challenge, an as-applied challenge does not dispute the court's power to hear cases under the statute; rather, it questions the court's limited ability to enter a conviction in the case before it."). Such a motion may be brought under Rule 12(b) only if the court can resolve the motion "without a trial on the merits." Fed. R. Crim. P. 12(b)(1). James seems to suggest that his as-applied challenge is proper under this Rule because it only raises questions of law. (*See* dkt. 21 at 1 n.1 (citing *United States* v. *Stelmachowski*, No. 15 CR 339-1, 2018 WL 828078, at *6 (N.D. Ill. Feb. 12, 2018).) Not so.

      Although the factual bases necessary to evaluate James's constitutional challenge and to sustain a conviction under Section 922(g)(1) are not identical, they are deeply connected. Possession of the firearm identified in the indictment is an element the government must prove to obtain a conviction, *see* 18 U.S.C. § 922(g)(1); the reason why James possessed that same firearm is an initial showing James must make to succeed on his constitutional challenge. He cannot do the latter without conceding the former. Similarly, the government also must prove the fact of James's past convictions as an element of its case, *see id.*, while James presumably would contend something about those same convictions makes him a non-violent offender to which Section 922(g)(1) cannot constitutionally apply. Again, James must concede the former to argue the latter. In other words, succeeding on the as-applied challenge would require conceding key elements necessary to establishing James's guilt. As a consequence, the court cannot resolve James's motion "without a trial on the merits." Fed. R. Crim. P. 12(b)(1). If James is willing to

9

make these concessions or otherwise chooses not to contest his factual guilt, the appropriate next step is to plead guilty while reserving the right to make an as-applied challenge.

## CONCLUSION AND ORDER

For the foregoing reasons, James's motion is denied without prejudice. The court recognizes that the law on this issue is very much in flux, that new Seventh Circuit or Supreme Court precedent could change the analysis, and that many courts to consider *Bruen* challenges to Section 922(g)(1) have reached the merits of those motions without consideration or discussion of the issues raised in this opinion. In light of the above, James is permitted to bring a successive motion if he chooses, provided that he addresses the deficiencies identified in this order or makes reasoned arguments as to why the court should change its conclusions. Finally, as James is considering his path forward, he should pay special attention to the kinds of factual showings that could establish lawful purpose. Because lawful purpose is a question of fact, the government must have an opportunity to dispute and/or rebut any evidence presented by James. This means that James must consider the Fifth Amendment consequences and potential exposure to cross-examination that he may incur if he relies on his own statements to make the necessary threshold showing of lawful purpose.[3]

Date: January 16, 2024

_____
U.S. District Judge Joan H. Lefkow

---

[3] For example, the statement "I owned this gun for the purpose of self-defense" would satisfy *Bruen*, but it would also open the door to cross-examination regarding the statement.